**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| **PAUL LEWIS ROBINSON,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **V.** | **:** | |
| | **:** | **NO. 3:22-cv-00024-CAR-CHW** |
| **DRAKE,** *et al.*, | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| | **:** | |

**ORDER OF DISMISSAL**

Plaintiff Paul Lewis Robinson, a detainee in the Walton County Jail in Monroe, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983.  Compl., ECF No. 1.  Plaintiff did not, however, either pay the $402.00 filing fee applicable to such a complaint or move for leave to proceed in this action *in forma pauperis*.  Accordingly, Plaintiff was previously ordered to either pay the $402.00 filing fee in full or move for leave to proceed *in forma pauperis*.[1]  Order, ECF No. 3.  Plaintiff was given fourteen days to either pay the filing fee or submit a proper and complete motion for leave to proceed *in forma pauperis*.  *Id.*  Plaintiff was also cautioned that his failure to fully and timely comply could result in the dismissal of this case.  *Id.*

More than fourteen days passed following entry of that order, and Plaintiff did not

_____

[1]Plaintiff appears to have accrued three strikes for the purposes of 28 U.S.C. § 1915(g). *See, eg.*, *Robinson v. Holley*, Case No. 3:22-cv-13-CAR-CHW (M.D. Ga. Feb. 8, 2022) (identifying Plaintiff as having accrued three strikes).  Thus, it was noted that Plaintiff would only be permitted to proceed *in forma pauperis* if he could establish that he was in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

take any of the steps outlined in the order or otherwise respond to the order.   Therefore,

Plaintiff was ordered to respond and show cause why the case should not be dismissed

based on his failure to comply.   Order to Show Cause, ECF No. 4.   Plaintiff was given

fourteen days to respond and was cautioned that his failure to do so would result in the

dismissal of this case.   *Id.*

More than fourteen days have now passed since the show cause order was entered,

and Plaintiff has not responded to that order.[2]   Thus, because Plaintiff has failed to respond

to the Court's orders or otherwise prosecute his case, this action is **DISMISSED**

**WITHOUT PREJUDICE**.   *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police*

*Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua*

*sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing

Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th

Cir. 1978)).

**SO ORDERED**, this 2nd day of May, 2022.

s/C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2]In another case, an order sent to Plaintiff at the Walton County Jail, the only address on file for Plaintiff, has been returned to this Court as undeliverable.   Mail Returned, *Robinson v. Chapman*, Case No. 3:22-cv-00022-CAR-CHW (M.D. Ga. April 15, 2022), ECF No. 6.   It is Plaintiff's responsibility to keep the Court informed of his current address, and his failure to do so constitutes a failure to prosecute.